## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Jeffrey George, on behalf of himself and
all others similarly situated,

              Civil File No. 17-cv-626

      Plaintiff,

vs.

Progressive Classic Insurance Company
and Kohn Law Firm, S.C.,

      Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Jeffrey George (hereinafter "Plaintiff") against Defendants Progressive Classic Insurance Company (hereinafter "Progressive" or "Defendant Progressive") and its agent Kohn Law Firm, S.C. (hereinafter "Kohn" or "Defendant Kohn") to redress Defendants' violations of Plaintiff's rights and protections under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, et seq.; Wisconsin's privacy statute, Wis. Stat. § 995.50; and Wisconsin Public Nuisance statute, Wis. Stat. § 823.01 et seq.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 18 U.S.C. § 2721, 28 U.S.C. § 1331 (Federal

Question), 28 U.S.C. § 1337 (Commerce), 18 U.S.C. § 2724(a) (DPPA) and 28 U.S.C. § 1367 (Supplemental).

3.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

### III.   PARTIES

4.  Plaintiff Jeffrey George is a natural person currently residing in Trempealeau County, State of Wisconsin, and is a citizen of the United States.

5.  Plaintiff lacks sophistication in the specific businesses of insurance contracts.

6.  Plaintiff is and has been at all relevant times a "person" as defined by Wis. Stat. § 990.01(26).

7.  Plaintiff is and has been at all relevant times a "person" protected by and entitled to enforce the remedies of Wis. Stat. § 995.50.

8.  Plaintiff is and has been at all relevant times a "person" protected by and entitled to enforce the remedies of §§ 823.01, *et seq.*

9.  Plaintiff is and has been at all relevant times a "person" as defined under 18 U.S.C. § 2725(2).

10. Plaintiff is and has been at all relevant times protected by and entitled to enforce the remedies of 18 U.S.C. §§ 2721, *et seq.* ("the DPPA").

11. Defendant Progressive Classic Insurance Company is and has been at all relevant times a sophisticated insurance company regularly conducting business in the State of Wisconsin; its principal place of business is located at 6300 Wilson Mills Road, Cleveland, OH 44143; and its registered agent for service is CT Corporation, 301 S.

Bedford St., Suite 1, Madison, WI 53703.

12.    Defendant Progressive is and has been at all relevant times engaged in the issuance of insurance policies covering driving activity in the state of Wisconsin and the United States.

13.    Defendant Progressive pays damage claims resulting from accidents involving its insured.

14.    Defendant Progressive acquires the legal rights to pursue subrogation claims for damages against those persons involved in and deemed liable for accidents which cause injury to its insured and/or damage to the property of its insured.

15.    Defendant Progressive is engaged in the collection of debts owed itself, incurred from such subrogation claims.

16.    Defendant Progressive is engaged in the collection of debts owed itself using the mail and telephone.

17.    Defendant Progressive is and was at all relevant times a "person" as defined by Wis. Stat. § 990.01(26).

18.    Defendant Progressive is and was at all relevant times a "person" as defined under 18 U.S.C. § 2725(2), and is restricted by and subject to the remedies of the DPPA.

19.    Defendant Progressive is and was at all relevant times liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of *respondeat superior*, agency, and vicarious liability, among others.

3

20.    Defendant Kohn Law Firm S.C., is a corporation of limited legal liability which is engaged in the collection of debt on behalf of others.

21.    Defendant Kohn is a sophisticated law firm regularly conducting business throughout the state of Wisconsin; its principal place of business is located at 735 North Water Street, Milwaukee, WI, 53202 and has a registered agent of Robert E. Potzebowski, Jr., 735 N. Water St., #1300, Milwaukee, WI  53202.

22.    Defendant Kohn is engaged in the collection of debt owed itself and others using the mail and telephone and legal process.

23.    Defendant Kohn is and was at all relevant times liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of *respondeat superior*, agency, and vicarious liability, among others.

## IV.    NATURE OF THE CASE

24.    This is a Class Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals whose private information has been impermissibly disclosed in court filings by Defendants in violation of state and federal laws; Plaintiff alleges violations of 18 U.S.C. §§ 2721, *et seq.*, Wis. Stat. §§ 823.01, *et seq.*, and 995.50, *et seq.*

25.    By operation of U.S. and Wisconsin law, Plaintiff has a property right in, and control of, his private personal, financial, medical, and biometric information, which are collectively referred to herein as "private facts" or "private information."

26.    Plaintiff's driver's license number, and the driver's license numbers of others

4

publically disclosed by Defendants, qualify as private information that individually and collectively are prohibited, under U.S. and Wisconsin law, from disclosure absent an applicable statutory exception under 18 U.S.C § 2721(b).

27. A person's driver's license number is "personal information" as defined under 18 U.S.C. §§ 2725(3).

28. Disclosure of a person's driver's license number is prohibited by the DPPA absent an applicable statutory exception under 18 U.S.C § 2721(b).

29. The United States Supreme Court long has recognized privacy as a fundamental constitutional right, protected from infringement by the federal government in the Fourth Amendment, and extended to protection from infringement by the states in the Fourteenth Amendment.

30. The legislative branch of the federal government has adopted a strict approach to the protection of privacy interests, particularly within the past twenty years.

31. Recognizing that law enforcement, state and government personnel, among others, have the ability to access any person's private information, especially information retained by the State in connection with granting a driver's license, Congress passed a general prohibition on the access, use, and disclosure of private information obtained from a state motor vehicle record, the Driver's Privacy Protection Act of 1994 ("DPPA").

32. The Wisconsin legislature established a statutory protection from the invasion of privacy in 1977.

5

33.    The case at bar concerns the invasion of privacy and illegal disclosure of Plaintiff's private information by Defendants knowingly and without any permissible reason to do so.

34.    Defendants have violated the DPPA and have consequently caused Plaintiff damage.

35.    Plaintiff is therefore entitled to a determination that his rights have been violated, to an order enjoining further violations, and to monetary damages for such invasions of his privacy.

## **HISTORY**

### *History of DPPA and the Federal Right to Privacy in One's Personal Information Contained in a State Motor Vehicle Record*

36.    Security and privacy is highly valued in the United States, and the right to be secure in one's person is codified in the Bill of Rights. U.S. Const. Amend. IV.

37.    Prior to the passage of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 *et seq.*, state departments of motor vehicles had been jeopardizing the privacy of citizens by giving out, or selling for a nominal fee, the names and home addresses of individuals. 139 Cong. Rec. E2747-48 (Nov. 3, 1993) (statement of Rep. Moran).

38.    The DPPA was passed as a general prohibition on the access, use, and disclosure of personal information, including the names, addresses, social security numbers, driver's license numbers, photographs, telephone numbers, medical or disability information, and other identifying information obtained from a motor vehicle record without the express consent of the individual to whom the information pertains or allowed by one of thirteen other carefully delimited exceptions. *Id.*

39. Prior to the passage of the DPPA, the aforementioned information often found its way into the hands of stalkers, criminals, marketers, and solicitors, and sometimes with tragic results. *Id.*; *Maracich v. Spears*, 133 S.Ct. 2191, 2198 (2013).

40. In passing the DPPA, Congress was not only concerned about personal safety, but personal privacy as well, as Rep. Moran confirmed in the Congressional Record, stating that "[b]y enacting this legislation, Congress will reaffirm that privacy is not a Democratic or Republican issue, but a basic human right to which every person is entitled." 139 Cong. Rec. E2747-48 (Nov. 3, 1993) (statement of Rep. Moran).

41. The DPPA addressed these problems by "establish[ing] a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent." *Id.* at 7, *citing Reno v. Condon*, 528 U.S. 141, 144 (2000).

42. The DPPA contains a list of exceptions to the aforementioned consent requirement, mainly concerning information disclosures in connection with public safety, the function of government agencies, and litigation. Katherine Hutchison, *That's the Ticket: Arguing for a Narrower Interpretation of the Exceptions Clause in the Driver's Privacy Protection Act.* 7 Seventh Circuit Rev. 126, 127 (2012). The Supreme Court of the United States, however, has held that reading the "in connection with" language in 18 U.S.C. § 2721(b)(4) to permit disclosure of personal information in any legal dispute would substantially undermine the DPPA's purpose of protecting the right to privacy in motor vehicle records. *Maracich* 133 S.Ct. at 2200.

43. Conduct must fall under an "explicit or unambiguous scope" of an exception in order to qualify for that exception. *Id.* at 2203. For example, the DPPA allows for disclosure and use of personal information in connection with the operation of private toll roads. If the phrase "in connection with" were not limited to the "explicit or unambiguous scope" of an exception, then the owner of a private toll road could send mass or directly targeted advertisements or marketing letters by making use of personal information from state departments of motor vehicles. This is not allowed. *Id.* at 2205.

44. Information contained in motor vehicle records thus is *not* intended to be used in every circumstance imaginable under the exceptions. Indeed, if the statute "permitted access to highly restricted personal information [allowed by (b)(1) and (b)(4)]. . . without governmental authorization or without consent of the holder of the driver's license, the result would be so significant a departure" from the other exceptions that it would very much go against what Congressional intended and statutory design. *Id.* at 2202–03.

45. The "in connection with" language in 18 U.S.C. § 2721(b) must, therefore, be construed to be limited to specific circumstances of a case, and merely being named on the list of exceptions to the DPPA in 18 U.S.C. § 2721(b) does not create the right to access the personal information kept by state departments of motor vehicles. *See id.* at 2203. Moreover, *each piece* of personal information obtained from a state motor vehicle record must further the permissible use allowed for by those exceptions. *Senne v. Village of Palatine*, 695 F.3d 597, 609 (7th Cir. 2012).

8

46.　In addition to limiting initial access, use, and disclosure of private personal information obtained from a state motor vehicle record, 18 U.S.C. § 2721(c) restricts the resale and redisclosure of private information obtained from a state motor vehicle record by an authorized recipient. 18 U.S.C. § 2721(c). Under this section, just as under § 2721(b) pertaining to initial access, use, and disclosure, the subsequent redisclosure of *each piece of information* obtained from a state motor vehicle record must serve a permissible use included in one of the statutory exceptions. *Senne*, 695 F.3d at 606 ("[A]n authorized recipient, faced with a general prohibition against further disclosure, can disclose the information only in a manner that does not *exceed the scope* of the authorized statutory exception. . . . Otherwise, the statute's purpose of safeguarding information . . . is frustrated") (emphasis in original).

47.　From its original enactment in 1994, the DPPA has provided for a private civil remedy and liquidated damages to citizens whose privacy is invaded by unlawful acquisition, use, or disclosure of their personal information from a state motor vehicle record. 18 U.S.C. § 2724.

48.　These remedies were confirmed by the Supreme Court of the United States, which clearly stated in *Reno v. Condon* that "any person who knowingly obtains, discloses, or uses information from a state motor vehicle record for a use other than those specifically permitted by the DPPA may be subject to liability in a civil action brought by the driver to whom the information pertains." *Reno* at 146-47.

## V.    BACKGROUND INFORMATION

49.    Article III standing of the Plaintiff and the Class is established; it is shown that 1) Plaintiff and the Class have suffered injury in fact, 2) that the injury is traceable to the conduct of the Defendants, and 3) the harm is likely to be redressed by a favorable judicial decision.

50.    The Plaintiff and the class have suffered "an invasion of a legally protected interest," namely, their privacy of private information occasioned by the conduct of the Defendants.

51.    The legally protected interest is concrete and particularized, "actual or imminent," and has affected Plaintiff and the Class in a personal and individual way.

52.    In *Spokeo*, The United States Supreme Court held that injury-in-fact for Article III "standing purposes" includes intangible harms amounting to concrete injury. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016).

53.    Intangible harms amounting to concrete injury are those that are incurred by a traditionally actionable violation of interest, and where Congress has intended a remedy for the violation of that interest. *Id.* ("Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts. . . . Congress may elevate to the status of legally cognizable injuries concrete, de facto

10

injuries that were previously inadequate in law").

54.    One of the primary protections of the DPPA is the requirement that "users," such as Defendants, access, use, disclose, resell and/or redisclose private information obtained from a state motor vehicle record *only* when doing so *furthers the purpose* of one of the statutory exceptions. That is, without a statutorily permissible purpose, access, use, disclosure, resale, and/or redisclosure of such information is an invasion of privacy.

55.    Such an invasion of privacy is an example of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" as considered by *Spokeo*. *See* Restatement (Second) of Torts § 652A.

56.    Congress clearly intended a remedy for the invasion of privacy under these circumstances in passing the DPPA.

## VI.    FACTUAL ALLEGATIONS

57.    As a consumer, Plaintiff had automobile insurance through his insurance company.

58.    Plaintiff was involved in an automobile accident on or about August 5, 2007.

59.    Defendant Progressive insured non-party Connie Zebro at the time of the accident and as such paid claims covering damages to her automobile incurred in the accident.

60.    Defendant Progressive, as a subrogee of Connie Zebro, subsequently filed a lawsuit against Plaintiff and non-party Lee George in December 2013, in the Eau Claire County Circuit Court. *Progressive v. George*,  No. 2013-SC-2236 (Eau Claire Co., WI).

61.　The complaint sought to recover a judgment against Plaintiff and non-party Lee George related to the August 5th accident.

62.　Defendants obtained a judgment against Plaintiff and non-party, Lee George on April 15, 2014.

63.　On or about August 15, 2014, Defendant Progressive, via its agent Defendant Kohn filed a request to notify the Department of Motor Vehicles of the unpaid judgment consisting of both a "Certificate of Judgment" form and a cover letter to that effect.

64.　That request, both the cover letter and the form, were filed with the Eau Claire County Wisconsin clerk of court in August 2014.

65.　The cover letter, sent by Defendant Progressive, through its agent Defendant Kohn, and filed with the court in August 2014, included Plaintiff's unredacted driver's license number "for filing purposes."

66.　The form, attached to and filed with the cover letter in August 2014, also included Plaintiff's unredacted driver's license number.

67.　Plaintiff's driver's license number constitutes "personal information" as that term is defined by 18 U.S.C. § 2725(3).

68.　Neither document filed with the court contained the driver's license number of non-party Lee George, who was jointly liable for the unpaid judgment Defendants sought to recover.

69.　That the notification filed with the court contained the driver's license number of one—but not both—of the parties responsible for the judgment shows the disclosure

of Plaintiff's private information was not essential to serve any permissible purpose under 18 U.S.C. § 2721(b).

70.   Defendants' disclosure of Plaintiff's unredacted driver's license number in the August 15, 2014 filing was a violation of the DPPA.

71.   Defendants' actions caused a second unlawful disclosure of Plaintiff's unredacted driver's license number with the court filing of the "Certificate of Judgment" form, again in violation of the DPPA.

72.   For unknown reasons, the August 2014 filing was stamped "WITHDRAWN" by the clerk of court.

73.   Nonetheless, the August 2014 filing—and the two unlawful disclosures of Plaintiff's driver's license number contained therein—remain in the public record.

74.   On or about October 3, 2014, Defendant Progressive, via its agent Defendant Kohn again filed a request to notify the Department of Motor Vehicles of the unpaid judgment consisting of another "Certificate of Judgment" form and cover letter to that effect.

75.   The October 2014 request, both the cover letter and the form, were filed with the Eau Claire County Wisconsin clerk of court on October 10, 2014.

76.   The cover letter, sent by Defendant Progressive through its agent Defendant Kohn and filed with the court on October 10, 2014, again included Plaintiff's unredacted driver's license number "for filing purposes."

77.   The form, attached to and filed with the cover letter on October 10, 2014, also

included Plaintiff's unredacted driver's license number.

78.    Again, neither document so filed, the letter nor the form, contained the driver's license number of non-party Lee George.

79.    Defendants' disclosure of Plaintiff's unredacted driver's license number in the October 3, 2014 letter constituted a <u>third</u> violation of the DPPA.

80.    Again, Defendants' actions caused another unlawful disclosure of Plaintiff's unredacted driver's license number with the filing of the "Certificate of Judgment" form, constituting another—this, the <u>fourth</u>—violation of the DPPA.

81.    The disclosure of Plaintiff's unredacted driver's license number amounts to an ongoing, unabated public nuisance under Wisconsin law, as it constitutes unreasonable behavior and actions that interfere substantially with Plaintiff's use of the public roadways.

82.    In addition, Defendants' conduct unduly interferes with the activities of the entire community of uninsured and underinsured drivers in the state of Wisconsin by imposing upon them an ongoing risk to personal safety and security and threat of identity theft through the publication of private information.

83.    Defendants' conduct poses a threat to the public by placing at risk, through publication of private information, the safety and security of those with whom it does not have contractual relations.

84.    Defendants' filings with the court, which included Plaintiff's unredacted private information obtained from a state motor vehicle record, exposed Plaintiff to potential identify theft and risk to his safety and security, in violation of the DPPA.

85.    Defendants' filings with the court, which included Plaintiff's unredacted private information obtained from a state motor vehicle record, exposed Plaintiff to potential identify theft and risk to his safety and security, in violation of Wisconsin's Privacy Statute, Wis. Stat. § 995.50.

86.    Through its unreasonable conduct of regularly filing complaints containing unredacted private information obtained from a state motor vehicle records, Defendants maintain an ongoing public nuisance, in violation of Wisconsin's public nuisance statute, Wis. Stat. §§ 823.01, *et seq.*

87.    While Defendant Progressive may have had a permissible purpose to obtain Plaintiff's driver's license number when processing the accident claims submitted by its insured, Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b) when they disclosed Plaintiff's driver's license number in the aforementioned state court pleadings.

88.    As a business conducting its affairs within the United States generally, and Wisconsin specifically, Defendants are deemed to know what is lawful and what is unlawful under United States and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833) ("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985) ("all citizens are

15

presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002) ("Wisconsin has adopted the mistake of law doctrine").

89.  Based on the illegality of their actions, Defendants have harmed Plaintiff by invading his privacy.

90.  As a result of the acts alleged above, Plaintiff has suffered harm and is entitled to recover damages for the violations of law and multiple invasions of his privacy.

91.  As of the filing of this Complaint, Defendant Progressive had not taken any steps to abate, address, or rectify the violations laid forth herein and such violations continue day after day.

92.  Defendants' unlawful disclosures of Plaintiff's driver's license number in the aforementioned court filings constitute an ongoing breach of Plaintiff's state and federal privacy rights and continue to present a serious and ongoing risk of identity theft and risk to his safety and security.

93.  The continuing nature of these alleged violations of state and federal law and of the rights of the Plaintiff and the proposed class, tolls any applicable statute of limitations because of the continuing violation rule.

## VII.    CLASS ALLEGATIONS

94.  Defendants unlawfully disclosed Plaintiff's driver's license number while filing legal process in connection with recovery of a judgment against him.

16

95.    On information and belief, Defendants have on numerous occasions filed legal process against automobile drivers and/or owners in default of court proceedings, which have unlawfully disclosed the driver's license numbers of a Class of similarly situated individuals, in violation of Wis. Stat. §§ 823.01, *et seq.*, 995.50, *et seq.*, and 18 U.S.C. §§ 2721 *et seq.*

96.    Plaintiff brings this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify a Class consisting of the following individuals:

> *All Wisconsin Residents for whom Defendants have disclosed the personal driver's license numbers in public court filings in pursuance of subrogation claims owed.*

97.    The Class Members whose actions are timely brought by this Complaint include those whose private information was disclosed by Defendants within four (4) years prior to the date of the filing of this Complaint and ending six (6) years following the satisfactory abatement of the Public Nuisance Defendants' conduct has created. *See* 28 U.S.C. § 1658(a); *Sunnyside Feed Co., Inc. v. City of Portage*, 588 N.W.2d 461, 469 (Wis. Ct. App. 1998).

98.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to the Defendants, Plaintiff, upon information and belief, alleges that the Class consists of greater than fifty (50) individuals.

99.    There are questions of law and fact common to the Class that predominate any

questions affecting only individual Class members. The questions include but are not limited to:

    (a)    Whether disclosing and publishing Plaintiff's driver's license number violated the Wisconsin Privacy Statute.

    (b)    Whether disclosing and publishing Plaintiff's driver's license number violated the DPPA.

    (c)    Whether disclosing and publishing Plaintiff's driver's license number violated the Wisconsin Public Nuisance Statute.

100.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    (a)    The recovery of statutory and punitive damages for Defendant's violations of federal and state privacy laws.

101.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this case.

102.    This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class.

103.    A Class action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendants is small. Management of the Class claims is

likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendants' records.

## VIII.    CAUSES OF ACTION

## COUNT I.  DRIVER'S PRIVACY PROTECTION ACT

104.    Plaintiff incorporates by reference all the foregoing paragraphs.

105.    Defendant Progressive willfully and/or negligently violated provisions of the Driver's Privacy Protection Act. Defendant Progressive's violations include, but are not limited to the following:

     (a)    Defendant Progressive violated 18 U.S.C. §§ 2721 *et seq.* by willfully including Plaintiffs' driver's license number in court filings in connection with *Progressive v. Jeffrey George*, No. 13SC2236 (Eau Claire Croix County, WI), as it was and is contrary to established State and Federal law.

106.    As a result of the above and continuing violations of the DPPA, Defendant Progressive is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## COUNT II.  WISCONSIN'S PRIVACY STATUTE

107.    Plaintiff incorporates Progressive by reference all the foregoing paragraphs.

108.    Defendant Progressive willfully and/or negligently violated and continues to violate provisions of Wis. Stat. § 995.50. Defendants' violations include, but are not limited to the following:

(a)    Defendants violated Wis. Stat. § 995.50 by willfully and/or negligently including Plaintiffs' driver's license number in court filings in connection with *Progressive v. Jeffrey George*, No. 13SC2236 (Eau Claire Croix County, WI), as it was and is contrary to established State and Federal law.

109.    As a result of the above and continuing violations of Wis. Stat. § 995.50, Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive relief.

## COUNT III.  WISCONSIN'S NUISANCE STATUTE

110.    Plaintiff incorporates by reference all the foregoing paragraphs.

111.    By including Plaintiff's unredacted driver's license number in it pleadings, Defendant Progressive has created a public nuisance.

112.    By including Plaintiff's unredacted driver's license numbers in its pleadings, Defendant Progressive has engaged in an unreasonable behavior and committed an unreasonable act that interferes substantially with Plaintiff's comfortable enjoyment of his life, health and safety.

113.    Specifically, Defendant Progressive willfully and/or negligently violated provisions of Wis. Stat. Chapter 823.  Defendant Progressive's violations include, but are not limited to the following:

(b)    Defendant Progressive violated Wis. Stat. § 823.01 by willfully and/or negligently including Plaintiffs' driver's license number in the court filings in connection with *Progressive v. Jeffrey George*, No. 13SC2236 (Eau Claire Croix County, WI), as such act was and is contrary to established State and Federal law, and constitutes a public nuisance.

20

114.   As a result of the above violations of Wis. Stat. Chapter 823, Plaintiff is entitled to

recover damages from Defendants, as well as any and all appropriate declaratory

and injunctive relief.

## IX.  REQUEST FOR RELIEF

115.   **WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered

against Defendants awarding him the following relief:

(a)   $2,500.00 statutory damages per violation, pursuant to 18 U.S.C. §
2724 (b)(1);

(b)   $100.00 statutory damages per violation, pursuant to Wis. Stat. §
425.303;

(c)   punitive damages under all Counts;

(d)   costs, disbursements and reasonable attorney's fees, pursuant to Wis.
Stat. § 995.50(1)(c) and 18 U.S.C. § 2724 (b)(3);

(e)   an Order enjoining the Defendants from further violations of the
Driver's Privacy Protection Act and U.S. and Wisconsin law, relative
to the Defendants' inclusion of driver's license numbers in documents
filed in Wisconsin state courts;

(f)   an Order enjoining the Defendants from further violations of
Wisconsin's Privacy Statute, and U.S. and Wisconsin law relative to
the Defendant's inclusion of driver's license numbers in pleadings
filed in Wisconsin state courts;

(g)   an Order determining and declaring that Defendants have created a
Public Nuisance by regularly including unredacted driver's license
numbers in public court filings;

(h)   an Order enjoining Defendants from further violations of Wisconsin's
Public Nuisance Law, and U.S. and Wisconsin law relative to the
Defendant's inclusion of driver's license numbers in pleadings filed
in Wisconsin state courts;

(i)   an Order directing Defendants to abate the public nuisance they have
caused by filing court documents that contain unredacted driver's
license numbers;

(j)   an Order instructing Defendants to move to seal all class members state
court files;

(k)   an Order directing Defendants to seek relief in all Wisconsin state
courts where Defendants have filed court documents that contains any

21

unredacted driver's license numbers, in the form of a motion to either seal or redact the state court file;

(l)    any other appropriate declaratory and or injunctive relief; and

(m)    such other and further relief as the court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

116.    Plaintiff Jeffrey George hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes and United States and Wisconsin Common Law, these claims be determined by a jury of his peers.

Dated this 14th day of August, 2017.

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
**CONSUMER JUSTICE CENTER P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  651-770-9707
Facsimile:  651-704-0907
tommy@consumerjusticecenter.com

Thomas J. Lyons, Sr., Esq.
Wis. Attorney Lic. No. 1019127
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  651-770-9707
tlyons@lyonslawfirm.com

Eric L. Crandall, Esq.
Wis. Attorney Lic. No. 1001833
**CRANDALL LAW FIRM**
421 West Second Street
PO Box 27
New Richmond, WI 54017

22

Telephone: 715-246-1010
Facsimile: 715-246-3793
consumerlaw@frontiernet.net

***ATTORNEYS FOR PLAINTIFF***